FILED'08 FEB 29 10:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EUGENE MORALES, | ) | |
| | ) | Civil No. 05-1561-PK |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|     Respondent. | ) | |

    Tonia L. Moro
    Assistant Federal Public Defender
    15 Newtown Street
    Medford, Oregon 97501

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

   1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner in this habeas case moves the court for leave to amend his petition. For the reasons set forth below, petitioner's Motion to Amend Petition (#51) should be granted in part and denied in part.

**BACKGROUND**

Petitioner filed his *pro se* petition for writ of habeas corpus (#2) on October 11, 2005, shortly before the expiration of the one-year statute of limitations provided for under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). Respondent answered the petition on January 25, 2007, asserting only a procedural default defense. Respondent did not address the merits of petitioner's claims. Thereafter, on November 15, 2007, petitioner filed the subject motion requesting leave to file an amended petition to "clarify his *pro se* claims to aid the litigation." Petitioner's Motion to Amend Petition (#51), p. 2.

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

1. Ground one: Trial court failed to give all proper jury instructions, [due] to it being more favorable to the defendant[]s on this case.

    Supporting facts: Once the trial was complete, Judge Lowe failed to give all proper instructions to the jury on this case, stating on the record that it would be more favorable to this defendant, especially knowing it violated a substantial right in law! Was again outlined to this Judge, prior to prison sentence given which the Judge could [have] corrected, but was bias to me!

2 - FINDINGS AND RECOMMENDATION

2.  Ground two: Trial lawyer wasn't prepare[d] for this case, I done my own work in order to get my defense.

    Supporting facts: I addressed the sentencing judge on this issue, plus outlined it on record, which this lawyer Ken Stewart then asked to be removed, which was denied and then forced to represent me zealously, bias, etc... This lawyer threaten[ed] me, once I brought an issue to him during our trial by stating he'd take me in front of the Judge and ask off my case, plus get my release order revoked and placed back in jail, just for bring[ing] up a valid issue claim of witness to witness communication being done outside the courtroom during my trial.

3.  Ground three: Witness to witness communication outside the courtroom during the trial.

    Supporting facts: I addressed this issue to trial court Judge, and, ask for a bailiff placed outside to stop these actions of D.A. Owen's illegal actions. Judge denied my request, stated he had no control over any actions that weren't happening in his courtroom! Layton v. Hall, 181 Or. App. 581, 47 P.3d 898 (2002).

4.  Ground four: Illegal sentence/excessive sentence per Blakely vs. Washington, 542 US, 124 Sct. 2531, 159 L.Ed 2d. 1403 (2004).

    Supporting facts: I objected to time given on this case at sentencing due to the fact one crime spree done within seconds of each other, one sentence not consecutive. "Same criminal episode" means crimes that are so closely linked in time, place and circumstance that a complete account of one charge cannot be related to without relating details of the other charge. State vs. Kautz, 179 Or. App. 458, 466-67, 39 P.3d 937, rev den 334 Or. 327 (2002).

As set forth in his amended petition, petitioner's proposed amended grounds for relief are as follows:[1]

---

[1] According to petitioner, the amended petition: (1) re-styles *pro se* Ground Two (claim of ineffective assistance of trial counsel for being unprepared) as amended Ground One (claim of ineffective assistance of trial counsel for failing to request all proper jury instructions); (2) re-styles *pro se* Ground One (claim

3 - FINDINGS AND RECOMMENDATION

1. Ground 1: Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution because trial counsel failed to request all proper jury instructions.

   Supporting Facts: Trial counsel failed to object [to] the court's instructions on burden of proof. The instruction was legally insufficient. This error, in combination with the court's refusal to give a less satisfactory error instruction prejudiced Mr. Morales and resulted in an unfair trial.

2. Ground 2: Petitioner was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution because appellate counsel failed to assign error to the trial court's refusal to give the less satisfactory evidence instruction.

   Supporting Facts: Mr. Morales' defense challenged the State's lack of direct evidence that he committed the crime. He presented sufficient evidence demonstrating that he was entitled to the statutorily required "less satisfactory evidence" instruction which directs the jury to consider whether other evidence reasonably available is stronger and more satisfactory than the evidence offered. Trial counsel preserved this issue for appeal but appellate counsel failed to raise it on appeal and federalize it by arguing a violation of due process.

3. Ground 3: Petitioner was denied rights under the Sixth and Fourteenth Amendments to the United States Constitution when the court increased his sentence beyond the statutory maximum based on facts not found by the jury and without finding facts beyond a reasonable doubt.

---

of trial court error for failing to give all proper jury instructions) as amended Ground Two (claim of ineffective assistance of appellate counsel for failing to assign error to the trial court's refusal to give the less satisfactory evidence instruction); (3) withdraws *pro se* Ground Three; and (4) clarifies *pro se* Ground Four as a Sixth Amendment sentencing error claim and renumbers it as amended Ground Three. Petitioner's Motion to Amend Petition (#51), pp. 2-3.

4 - FINDINGS AND RECOMMENDATION

> Supporting Facts: In Oregon the statutory maximum sentence is concurrent sentences for offenses committed during the same course and conduct. The sentencing court imposed a partially consecutive sentence on Mr. Morales' burglary conviction which was part of the same course and conduct that was the basis of the robbery conviction. The sentence was unlawful because the jury had not made the findings the court relied on: that Mr. Morales intended to commit an additional crime or that there was a third victim.

Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#51, Attachment #1).

Notably, respondent does not object to petitioner's proposed amendments to withdraw *pro se* Ground Three, clarify *pro se* Ground Four as a Sixth Amendment sentencing claim, and renumber it as amended Ground Three. Respondent's Opposition to Motion to Amend (#59). I agree that amendment to *pro se* Grounds Three and Four is warranted as requested.

## DISCUSSION

> The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a).

\* \* \*

> Amendments made after the statute of limitations has run relate back to the date of th original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

The Supreme Court has held that relation back depends on the existence of a common core of operative facts uniting the original

5 - FINDINGS AND RECOMMENDATION

and newly asserted claims and that "an amended habeas petition...does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 649, 664.

The Ninth Circuit, albeit in unpublished decisions, has recently addressed whether claims raised in amended pleadings relate back to original, timely-filed pleadings under Federal Rule of Civil Procedure 15(c). It held that an ineffective assistance of counsel claim based on counsel's alleged substandard advice to waive the right to hold the prosecution to its burden of proving the elements of the charged offense, given before a plea proceeding, did not relate back to a trial court error claim based on the court's alleged failure to advise petitioner during the plea proceeding that he was waiving his rights to confront witnesses and not testify against himself. The court held that the two claims involved different errors, actors and times. Preston v. Harris, 216 Fed.Appx. 677 (9th Cir. 2007)(unpublished).[2]

In addition, the Ninth Circuit held that an ineffective assistance of trial counsel claim based on counsel's reference to

---

[2] In Preston, the court noted that its decision was in accord with United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)(holding that a claim alleging ineffective assistance based on counsel's failure to explain consequences of guilty plea did not relate back to claim alleging due process violation based on the trial court's failure to advise defendant of same consequences), cert. denied, ___ U.S. ___, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006).

6 - FINDINGS AND RECOMMENDATION

defendant's previous trial on the same charge did not relate back to ineffective assistance of counsel claims based on counsel insulting the judge, failing to object to the jury selection process, failing to inform defendant of his right to testify, and failing to object to the government's use of the word "Columbian" at trial. The court held that the claims were based on independent facts, different in both time and type. <u>United States v. Marulanda</u>, 226 Fed.Appx. 709 (9th Cir. 2007)(unpublished).

As noted above, petitioner contends here that Grounds One and Two of the amended petition are not new, but merely clarify or restyle his *pro se* claims. Petitioner's Motion to Amend Petition (#51), p. 2. Petitioner urges the court to apply the rule of leniency to its reading of the *pro se* petition and suggests that the court is obligated to refer to sources cited in the *pro se* petition and should consider the *pro se* claims in the context of those sources. Petitioner's Reply to Respondent's Response to Motion for Leave to File Amended Petition (#60), p. 5; Supplemental Memorandum in Support of Motion to Amend Petition (#61).

Specifically, petitioner asserts that because he: (1) referenced sentencing in his *pro se* ineffective assistance of trial counsel claim (*pro se* Ground Two claim) and discussed the inadequacy of the court's jury instructions at sentencing; and (2) raised an ineffective assistance of appellate counsel claim in his post-conviction relief ("PCR") petition based in part on

7 - FINDINGS AND RECOMMENDATION

appellate counsel's failure to assign as error the trial court's refusal to give a less satisfactory evidence instruction, this court can conclude that Grounds One and Two of the amended petition were "subsumed within the *pro se* pleading." Petitioner's Motion to Amend Petition (#51), pp. 3-4. I disagree.

The *pro se* ineffective assistance of trial counsel claim contains no reference to jury instructions and petitioner concedes that he did not "blame his counsel specifically for the errors in the instructions given" during the sentencing hearing. Petitioner's Reply to Respondent's Response to Motion for Leave to File Amended Petition (#60), p. 3. Moreover, my review of the sentencing transcript supports only the conclusion that petitioner's complaint regarding jury instructions was confined to the actions of the trial court and did not extend to trial counsel. Furthermore, I am unpersuaded by petitioner's argument that his *pro se* Ground One claim is not one of trial court error, but rather an attempt to re-state the ineffective assistance of appellate counsel claim set forth in his PCR petition. Id. at 4. A motion for leave to amend: (1) an ineffective assistance of trial counsel claim for lack of preparation as an ineffective assistance of trial counsel claim for failing to request all proper jury instructions; and (2) a trial court error claim for failing to give all proper jury instructions as an ineffective assistance of appellate counsel claim for failing to assign as error the trial court's failure to

8 - FINDINGS AND RECOMMENDATION

give the less satisfactory evidence instruction, is a request to add new claims. Accordingly, because the one-year time limit for raising new claims has run, this court will allow such amendment only if petitioner demonstrates that the amended claims relate back to the original petition.

Considering first whether the ineffective assistance of trial counsel claim for failing to request all proper jury instructions (amended Ground One claim) relates back to his ineffective assistance of counsel claim for lack of preparation (*pro se* Ground Two claim), I note that ineffective assistance of counsel claims are discrete. Carriger v. Stewart, 971 F.2d 329, 333-34 (9th Cir. 1992)(en banc). Even considering the *pro se* ineffective assistance claim in its sentencing context, I observe that petitioner complained that counsel was unprepared, had too large a case load, lacked time to file necessary motions, gave poor advice on motions, rushed petitioner, failed to hire an investigator to testify for petitioner, failed to properly investigate petitioner's case, mishandled an issue relating to witness to witness communications, and failed to adequately prepare for trial. Transcript Designation -- Part C, Sentencing Transcript, pp. 34-38. As was the case in Marulanda, these claims of ineffective assistance are based on independent facts, different in both time and type, than an ineffective assistance of counsel claim relating to counsel's alleged failure to request all proper jury instructions.

9 - FINDINGS AND RECOMMENDATION

The former involve counsel's alleged failings that occurred before the jury instruction phase and represent substantively different types of error. As such, petitioner's amended Ground One claim does not relate back to his *pro se* Ground Two claim.

With regard to the question as to whether petitioner's ineffective assistance of appellate counsel claim for failing to assign as error the trial court's refusal to give the less satisfactory evidence instruction (amended Ground Two claim) relates back to his *pro se* trial court error claim based the trial court's failure to give all proper jury instructions (*pro se* Ground One claim), I conclude the two claims involve different errors, actors and times. See Preston, 216 Fed.Appx. 677. The former involves an allegation that post-trial, appellate counsel erred in his selection of assignments of error for appeal -- a claim appropriately raised during post-conviction proceedings. The latter involves a specific allegation of trial court error, made at the time of trial -- a claim appropriately raised on direct appeal. Accordingly, I conclude that petitioner's ineffective assistance of appellate counsel claim (amended Ground Two claim) does not relate back to his trial court error claim (*pro se* Ground One claim).

## RECOMMENDATION

For the reasons identified above, petitioner's Motion to Amend Petition (#51) should be denied in part and granted in part as

follows: that part of petitioner's motion seeking to add the new claims set forth as amended Grounds One and Two should be DENIED; that part of petitioner's motion seeking to withdraw his *pro se* Ground Three claim and clarify his pro se Ground Four claim as a Sixth Amendment sentencing error claim should be GRANTED.

### SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 29th day of February, 2008.

Paul Papak
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION