FILED
MAR 31 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EUGENE MORALES, | ) | |
| | ) | Civil No. 05-1561-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon  97501

   Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

   Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Eugene Morales brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges convictions for Robbery, Burglary, Theft, and Felon in Possession of a Firearm. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#71) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On October 16, 1998, the Clackamas County Grand Jury returned an indictment charging Morales with two counts of Robbery in the First Degree, two counts of Robbery in the Second Degree, two counts of Burglary in the First Degree, one count of Aggravated Theft in the First Degree and one count of Felon in Possession of a Firearm. Respondent's Exhibit 102, Attached Appendices at 5-7. One count of burglary was dismissed and a jury found Morales guilty on the remaining seven counts. The trial court imposed a sentence totaling 190 months. Respondent's Exhibit 101.

Morales directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Morales, 173 Or. App. 298, 21 P.3d 665 (2001), rev. denied 332 Or. 240, 28 P.3d 1175 (2001); Respondent's Exhibits 102-106.

Morales next filed for post-conviction relief ("PCR") in state court. The PCR trial court dismissed the petition on the state's

2 - FINDINGS AND RECOMMENDATION

motion. Respondent's Exhibit 113. On appeal, the Oregon Court of Appeals affirmed the PCR trial court without written opinion, and the Oregon Supreme Court denied review. Morales v. Czerniak, 197 Or. App. 202, 107 P.3d 84 (2005), rev. denied 338 Or. 584, 114 P.3d 505 (2005); Respondent's Exhibits 114-118.

On October 11, 2005, Morales filed this action. As set forth in his Amended Petition for Writ of Habeas Corpus (#71), Morales grounds for relief are as follows:

1.  Pro Se Ground 1: "Trial court failed to give all proper jury instructions, [due] to it being more favorable to the defendant on this case.

    Supporting Facts: Once the trial was complete, Judge Lowe failed to give all proper instructions to the jury on this case, stating on the record that it would be more favorable to this defendant, especially knowing it violated a substantial right in law! Was again outlined to this Judge, prior to prison sentence given which the Judge could [have] corrected, but was bias to me!"

2.  Pro Se Ground 2: "Trial lawyer wasn't prepare[d] for this case, I done my own work in order to get my defense.

    Supporting Facts: I addressed the sentencing judge on this issue, plus outlined it on record, which this lawyer Ken Stewart then asked to be removed, which was denied and then forced to represent me zealously, bias, etc...This lawyer threaten[ed] me, once I brought an issue to him during our trial stating he'd take me in front of the Judge and ask off my case, plus get my release order revoked and placed back in jail, just for bring[ing] up a valid issue claim of witness to witness communication being done outside the courtroom during my trial."

3.  Ground 3: Petitioner was denied rights under the Sixth and Fourteenth Amendments to the United States Constitution when the court increased his sentence beyond the statutory maximum based on facts not found by the

3 - FINDINGS AND RECOMMENDATION

>jury and without finding the facts beyond a reasonable doubt.
>
>Supporting Facts: In Oregon the statutory maximum sentence is concurrent sentences for offenses committed during the same course of conduct. The sentencing court imposed a partially consecutive sentence on Mr. Morales' burglary conviction which was part of the same course of conduct that was the basis of the robbery conviction. The sentence was unlawful because the jury had not make the findings the court relied on: that Mr. Morales intended to commit an additional crime or that there was a third victim.

4. *Pro Se* Ground 4: "Witness to witness communication out side the courtroom during the trial.

>Supporting Facts: [Petitioner] addressed this issue to trial court judge and ask[ed] for a bailiff placed outside to stop these actions of D.A. Owens illegal actions. Judge denied [petitioner's] request stat[ing] he had no control over any actions that were not happening in his courtroom. Layton vs. Hall, 1001 Or App 581, 471 P2d 898 (2002)."[1]

Respondent asks the court to deny relief on the Amended Petition because Morales has procedurally defaulted all of his claims and failed to brief the claim set forth in *Pro Se* Ground 4.

///
///

---

[1] In an earlier Findings and Recommendation (#62) dated February 29, 2008 (adopted as Judge Mosman's Opinion and Order on June 27, 2008), the court rejected Morales' attempt to "restyle" his *pro se* Ground One claim relating to the trial court's failure to give proper jury instructions as one of ineffective assistance of appellate counsel, but granted his request to withdraw his pro se trial court error claim relating to witness to witness communication outside the courtroom. Since then, the court granted Morales unopposed motion seeking leave to file an amended petition that varies from the court's order by including the witness to witness claim as *pro se* Ground Four.

4 - FINDINGS AND RECOMMENDATION

## DISCUSSION

I. **Exhaustion and Procedural Default.**

  A. **Standards.**

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

5 - FINDINGS AND RECOMMENDATION

claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

B. Analysis.

Respondent contends Morales: (1) failed to present the claims set forth in Grounds One, Three and Four to any state court; and (2) failed to present any claims of ineffective assistance of counsel, including the claim set forth in Ground Two, to the state courts in a procedural context in which their merit was considered. Response to Petition (#35), p. 5.

In response, Morales contends any alleged procedural bar does not preclude this court from granting him relief for the following reasons. First, the PCR court's dismissal of his petition for failing to participate in his deposition was not based on an independent and adequate state rule sufficient to bar federal review of the merits of the claims raised in that petition. And second, any failure to exhaust his sentencing claim (Ground Three) should be excused because Morales never had an available remedy in state court for this claim. Memorandum in Support (#52), p. 2.

///

6 - FINDINGS AND RECOMMENDATION

### 1. Direct Appeal

Morales raised one claim on direct appeal challenging the constitutionality of Ballot Measure 11:

> Summary of Argument
>
> Defendants were convicted of crimes for which Measure 11 specified mandatory minimum sentences. The trial court used Measure 11 to order two sentences for each defendant. The court erred, for Measure 11 was enacted in violation of the federal constitution's republican government requirement, and the measure's sentencing scheme violates defendants' federal constitutional right to equal protection. This court should remand with orders that defendants be resentenced under the guidelines.

Respondent's Exhibit 102, p. 3.

Accordingly, the trial court error claims set forth in *pro se* Grounds One and Four of his Amended Habeas Petition were never presented to the Oregon courts and are now procedurally defaulted.

### 2. PCR Proceedings in State Court

In his PCR petition, Morales raised numerous claims of ineffective assistance of trial and direct appellate counsel. Respondent's Exhibit 107. Ten minutes into his PCR deposition, however, Morales refused to answer any further questions posed by the prosecutor on the basis that he did not consent to the jurisdiction of civil proceedings and sought to preserve his rights under the UCC. Respondent's Exhibit 108, pp. 16-19. Thereafter, the PCR trial court granted the state's motion to compel discovery and directed Morales to answer questions under oath when his

7 - FINDINGS AND RECOMMENDATION

deposition was resumed. Respondent's Exhibit 109, pp. 5-6.[2] That court specifically advised Morales that if he continued to refuse to answer questions, it would grant a motion to dismiss his action. Id. The state attempted to depose Morales again, but he refused to participate. Consequently, prior to the submission of any briefing on the merits of Morales' claims the PCR trial court granted the state's motion to dismiss and entered judgment dismissing Morales' PCR Petition with prejudice. Respondent's Exhibit 110, pp. 6-9.

Morales contends the PCR trial court's summary dismissal of his petition for failing to participate in his deposition was based on a novel application of a state discovery rule rather than a clear and consistently applied procedural bar. Memorandum in Support (52), p. 15. As such, he contends the PCR trial court's dismissal of his petition cannot bar this court's review of the merits of the claims raised in that petition. Though the parties have briefed this issue, I disagree that examination of whether Oregon discovery rules governing sanctions for failing to participate in one's deposition are independent and adequate state law grounds sufficient to bar federal habeas review is a relevant inquiry in this case.

---

[2]The state's motion was based on Oregon Rules of Civil Procedure 46B and D--discovery rules generally authorizing the court to strike out pleadings or dismiss an action against a party who disobeys rules and authorizing a court to impose a sanction if a party fails to attend his own deposition. Respondent's Exhibit 109, p. 1.

8 - FINDINGS AND RECOMMENDATION

On this record, Morales was required under Oregon law and by Order of the PCR trial court to participate in his own deposition. Notwithstanding the fact that the PCR trial court specifically warned him that it would dismiss his case if he did not comply with the Order, Morales refused to do so. It was not unreasonable for the PCR trial court to require Morales to assist the state in preparing its response to his petition through his deposition.

As previously noted, Morales was obligated to present his claims to the state courts in a procedural context in which the merits of the claims were considered. Castille, 489 U.S. 346, 351 (1989). He cannot sabotage his post-conviction case by repeatedly refusing to participate in his deposition and in refusing to comply with the PCR trial court's Order and legitimately contend he satisfied this obligation. The filing of what is essentially an unanswerable PCR Petition does not satisfy the fair presentation requirement. Accordingly, I conclude pro se Ground Two is procedurally defaulted.

The parties dispute whether Ground Three (claim alleging the trial court's imposition of consecutive sentences violated his rights under the Sixth and Fourteenth Amendments) is procedurally defaulted. Because, as set forth below, I conclude this claim is without merit, I decline to address whether it was properly exhausted in state court. See 28 U.S.C. § 2248 (b)(2) ("An application for writ of habeas corpus may be denied on the

9 - FINDINGS AND RECOMMENDATION

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## II. Merits (Ground Three)

### A. Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Nunn bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct

10 - FINDINGS AND RECOMMENDATION

legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

### B.  Analysis

In Ground Three Morales contends the trial court violated his Sixth and Fourteenth Amendment rights when it ordered his 10-month burglary sentence to run consecutively with his robbery sentences based on facts not found by a jury beyond a reasonable doubt. As Morales concedes, the trial court made the necessary findings in accordance with Or. Rev. Stat. § 137.123:

> With respect to Burglary in the First Degree, the Court will sentence you under the grid classification 9-E to 46 months to the Department of Corrections to be followed by three years post-prison supervision.
>
> That sentence with respect to -- 36 months of that sentence will run concurrent with Counts I and II, and ten months of that sentence will be consecutive as to Counts I and II.
>
> That is also based on a finding under ORS 137.123 that it is an indication of the defendant's willingness to commit more than one criminal offense and it caused a greater risk of harm.
>
> And the Court would point out that there was an additional person [the victims' granddaughter] in the residence that was present and witnessed the terror of this event as a result of the burglary.

11 - FINDINGS AND RECOMMENDATION

Transcript of Sentencing, p. 61. Morales argues it was a violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) for the state court to impose a consecutive sentence on findings of fact made by the court rather than by the jury. Memorandum in Support (#52), pp. 20-21. However, the U.S. Supreme Court recently held that the rules announced in <u>Apprendi</u> and <u>Blakely</u> do not apply to Oregon's consecutive sentencing statute. <u>Oregon v. Ice</u>, 129 S.Ct. 711, 714-15 (2009). <u>Ice</u> controls my resolution of Morales' Ground Three claim. In view of that case, Morales cannot demonstrate that the trial court's imposition of a 10-month consecutive sentence on the burglary conviction was contrary to, or involved an unreasonable application of, clearly established Federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#71) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due April 14, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of

12 - FINDINGS AND RECOMMENDATION

the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 31st day of March, 2009.

Paul Papak
United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION